UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE E. LIDDELL,

        Plaintiff,

        v.                              Case No.  23-cv-0818-bhl

KEVIN CARR, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Jesse Liddell, a prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983. On June 20, 2023, Plaintiff filed a motion asking the Court to allow him to pay the full filing fee with funds in his release account. Dkt. No. 2.

The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a general account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Although the Court can order disbursements from the release account for payment of the initial partial filing fee, the PLRA does not require the Court to invade that account for payment of the balance. *See* 28 U.S.C. §1915(b). Nothing in the language of 28 U.S.C. §1915(b)(2) "can be interpreted as congressional intent that prisoners deplete savings or

release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). Indeed, allowing a prisoner to pay his full filing fee out of funds from his release account would defeat the purpose of the PLRA's requirement that prisoners filing lawsuits pay the full filing fee over time. The legislative history of the PLRA shows that Congress intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). This intent would be severely undermined by allowing prisoners to pay the full filing fee using funds to which they lack access in any event. Given this intent and the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result, the Court declines to order that the filing fee be paid from that account.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an order to pay the full filing fee with funds in his release account (Dkt. No. 2) is **DENIED**. If Plaintiff wants to proceed with this case, he must pay the $402 civil case filing fee with funds in his regular account, or he may file a request to proceed without prepaying the filing fee along with a certified copy of his institutional trust account statement for the six-month period preceding the filing of his complaint. If the Court does not receive the filing fee or Plaintiff's request to proceed without prepaying the filing fee (along with his trust account statement) by **July 19, 2023**, the Court will dismiss this action based on Plaintiff's failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on June 30, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2