UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE E. LIDDELL,

    Plaintiff,

v.                                 Case No. 23-cv-0818-bhl

KEVIN CARR,
CLINTON BRYANT,
MICHELLE HOFFMAN,
NICHOLAS FILKINS,
BRANDON MORRIS, and
ERIC JONES,

    Defendants.

# SCREENING ORDER

Plaintiff Jesse Liddell, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Liddell's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Liddell has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Liddell has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $36.54. Liddell's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Liddell, beginning in August 2022, he was employed by Associated Wholesale Grocers through the Kenosha Correctional Center's work release program. A few months later, in November 2022, his work assignment was terminated because an officer (who is not a defendant) found a cell phone charger in Liddell's assigned work locker. Liddell explains that he believes he was wrongfully terminated because he did not know that a work locker had been assigned to him and the charger was not his. He states that he sought assistance from other inmates who told him that both the employer's and institutional staff's negligence had played a role in his termination. The inmates allegedly helped Liddell prepare a "legal and confidential document" to be mailed to the governor's office, the Kenosha County District Attorney, and the Kenosha County Sheriff's Department. In the document, Liddell explained that he needed personal employee information in order to pursue legal actions. Liddell does not specify what information he sought. He also explained in the document why he believed he had been wrongly terminated. Finally, Liddell expressed concern over other inmates' rights being violated, including inmates who he believed had been improperly denied short-term disability benefits and an inmate whose parent had allegedly been stalked by Sgt. Bean (who is not a defendant). Liddell did not attach the document in support of his complaint. Dkt. No. 1 at 3-4.

Liddell explains that he asked a sergeant (who is not a defendant) to print the prepared document from a flash drive. The sergeant allegedly informed Liddell that "because of the legal elements" and statements about the sergeant, he would like to get permission from Defendant Superintendent Michelle Hoffman before releasing the document. According to Liddell, the

3

sergeant later confirmed that Hoffman had approved releasing the document to Liddell. Dkt. No. 1 at 4.

Liddell asserts that on December 2, 2022, he and the other inmates who had helped him prepare the document were abruptly transferred to Racine Correctional Institution pending an investigation. About a week later, Defendant Captain Filkins spoke to Liddell with a unit manager (who is not a defendant) present as a witness. Filkins allegedly questioned Liddell about his document, particularly about his assertions regarding other inmates. Liddell explains that he told Filkins that he "was not at liberty to disclose details of other victims cases since they were all sent to authorities and pending investigation." According to Liddell, a couple weeks later, he was placed in segregation pending charges for "Group Resistance/Petitions, Threats, Lying About Staff, and Disobeying Orders." Dkt. No. 1 at 4.

About a week later, Liddell received a conduct report. Liddell did not attach the conduct report in support of his complaint. Liddell explains that he pleaded not guilty and requested a due process hearing. He states that he filled out a witness and evidence form and gave it to Defendant Captain Eric Jones. On January 13, 2023, Jones came to Liddell's cell and told him he was Liddell's staff representative. According to Liddell, none of his requested witnesses or evidence were available at the hearing. Liddell asserts that the hearing officer, Defendant Brandon Morris, told him the witness and evidence form was never submitted. Liddell asserts he demanded that the hearing be rescheduled, but Morris refused. Morris found Liddell guilty on all four charges. Liddell did not attach the disciplinary decision in support of his complaint, nor does he state what punishment he received. Dkt. No. 1 at 4.

Liddell asserts that he appealed the decision to Defendant Warden Clinton Bryant. He argued that his constitutional rights had been violated because Jones had failed to submit the

witness and evidence form and had otherwise failed to fulfill his obligations as Liddell's staff representative. He also expressed his belief that the conduct report was issued in retaliation based on him pursuing litigation and refusing to participate in the investigation of the document he authored. Liddell noted that just because staff was unable to prove his assertions does not mean they were lies. Finally, Liddell informed the warden that his document should not have been characterized as a group petition because it was merely a request for information and for help from the proper authorities. Dkt. No. 1 at 5.

Liddell explains that Bryant denied his appeal, and Liddell's inmate complaint was later dismissed. Liddell asserts that he appealed the denial of his inmate complaint to Defendant Kevin Carr, but the appeal was also dismissed. Dkt. No. 1 at 5.

### THE COURT'S ANALYSIS

Liddell asserts, in part, that his due process rights were violated because he was denied the opportunity to present witnesses and evidence at his disciplinary hearing, which he believes led to him being found guilty of the conduct report charges. The Due Process Clause of the Fourteenth Amendment provides, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." Thus, as the Seventh Circuit has explained, "a plaintiff cannot under Section 1983 complain of procedural due process violations unless the state has first deprived him or her of [] a constitutionally protected interest." *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Liddell fails to state a claim because the complaint is silent on the punishment he received after being found guilty. Without that information, the Court cannot reasonably infer that he was deprived a constitutionally protected interest such that the protections of the Due Process Clause were triggered. *See Twombly*, 550 U.S. at 570 ("A claim has facial plausibility when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Should Liddell choose to file an amended complaint to cure this pleading deficiency, the Court reminds him that the Due Process Clause "does not necessarily protect prisoners against the imposition of disciplinary segregation" because "a prisoner has no liberty interest in remaining in the general population. *Id*. (citing *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995)). Whether a prisoner has a liberty interest implicated by being placed in segregation depends on whether segregation imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, in assessing whether a prisoner's placement in segregation implicates a liberty interest, the Court will consider both how long the prisoner was in segregation and the conditions the prisoner endured while in segregation. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009).

Liddell also fails to sufficiently allege a retaliation claim based on allegations that he received a conduct report because he mailed his document to the governor's office, the Kenosha County District Attorney, and the Kenosha County Sheriff's Department. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Further development of the record is necessary to determine whether Liddell's document qualifies as protected speech under the First Amendment. *See Lindell v. Meli*, No. 18-2027, 2022 WL 1635616, at *2 (7th Cir. May 24, 2022) (noting that "lying about correctional staff" is not constitutionally protected activity). But, even assuming Liddell states a retaliation claim at this

early stage, it is not clear against whom he would have such a claim and the complaint is unclear as to whom Liddell would like to assert that claim. While Liddell asserts that Filkins investigated the assertions in the document, he does not say that Filkins also wrote the conduct report, which is the deprivation that Liddell alleges he suffered. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Thus, in order to state a retaliation claim, Liddell must be clear about who wrote the conduct report.

Finally, Liddell does not state a claim against Hoffman. He alleges only that she allowed a sergeant to print the document and release it to Liddell. Doing so did not violate Liddell's rights. He also fails to state a claim against Bryant and Carr based on allegations that they denied his inmate complaints and/or appeals. The Seventh Circuit long ago explained that "[o]nly persons who cause or participate in the violations are responsible," and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to a violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The Court will give Liddell an opportunity to file an amended complaint to provide factual allegations supporting a conclusion that he was deprived a liberty interest and clarifying who retaliated against him for mailing his document to government officials. Liddell should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Liddell should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

7

Case 2:23-cv-00818-BHL   Filed 09/07/23   Page 7 of 9   Document 9

Liddell is advised that, if he files an amended complaint, it will replace his original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Liddell chooses to file an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Liddell does not file an amended complaint, the Court will dismiss this case based on his failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Liddell's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 9, 2023**, Liddell may file an amended complaint curing the deficiencies in the original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, it will dismiss this action based on Liddell's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Liddell a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Liddell shall collect from his institution trust account the $313.46 balance of the filing fee by collecting monthly payments from Liddell's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Liddell is transferred to another institution, the transferring institution shall forward a copy of this Order along with Liddell's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Liddell is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Liddell is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 7, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge