UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE E. LIDDELL,

                Plaintiff,

v.                                                                                                Case No. 23-cv-818-bhl

NICHOLAS FILKINS, et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Jesse Liddell, who is incarcerated at Fox Lake Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On February 23, 2024, Defendants filed a motion for summary judgment on the ground that Liddell failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 20. For the reasons explained below, the Court will grant the motion and dismiss this case.

## PRELIMINARY MATTERS

      Pursuant to the local rules, along with a motion for summary judgment, the moving party must file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). The rules provide that the statement of proposed facts should consist of numbered paragraphs containing short factual statements with specific references to affidavits, declarations, parts of the record, and other supporting materials. Civil L. R. 56(b)(1)(C). Consistent with these requirements, Defendants submitted proposed findings of fact in support of their summary judgment motion.

The rules also require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to *each* paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

To ensure that pro se parties are aware of their response obligations, the local rules require a party moving for summary judgment in case involving an unrepresented opponent to send the unrepresented party, along with their motion, a copy of Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56. Defendants complied with this requirement. *See* Dkt. No. 20. The Court also takes steps to ensure pro se parties have notice of the local rules. Accordingly, a few days after Defendants moved for summary judgment, the Court entered a notice and order informing Liddell that he was required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact." The Court warned Liddell that if he did "not indicate one way or the other, the Court w[ould] assume that he does not dispute the proposed fact and w[ould] accept the fact as true." Dkt. No. 25.

In response to Defendants' motion, Liddell filed a legal brief and a supporting declaration, but, he did not respond to Defendants' proposed facts. Accordingly, as Liddell was repeatedly warned, Defendants' proposed facts are deemed admitted for the purposes of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043, at *2 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same).

With these considerations in mind, the Court turns to the substance of Defendants' summary judgment motion.

## BACKGROUND

Liddell is proceeding on First Amendment retaliation claims against Defendants Nicholas Filkins and Brandon Morris. Dkt. No. 13. The undisputed facts giving rise to those claims are as follows: On December 22, 2022, Filkins issued Liddell a conduct report after concluding that Liddell had fabricated information about correctional staff and had violated institution policy when he saved his legal documents on another inmate's flash drive. A disciplinary hearing was held on January 13, 2023. Morris found Liddell guilty of four charges and gave him thirty days of disciplinary segregation. During the hearing, Liddell did not raise or suggest that he believed Filkins issued the conduct report to retaliate against him for complaining about staff misconduct. Dkt. No. 22 at ¶¶1-6.

On the same day as the hearing, Liddell appealed Morris' decision on the following grounds: 1) an officer had failed to submit Liddell's requests for witnesses and evidence; 2) Liddell was not properly assigned a staff advocate; 3) Liddell was not provided with proper notice of the hearing; 4) Morris lacked the mental competence to serve as a hearing officer; 5) Liddell's refusal to answer questions about other inmates' legal matters did not prove he was lying, so the state failed to carry its burden; 5) "reporting criminal abuse, accessing the court, petitioning the court, and other forms of litigation" cannot be characterized as a "threat" under DOC §303.18; 6) seeking assistance from another inmate pursuant to DOC §309.155(5) does not amount to collaboration; and 7) the grounds Morris based on his decision on were meritless. Dkt. No. 23-1 at 2-11. Liddell did not suggest that Filkins improperly issued the conduct report or that Morris found him guilty

3

because they were retaliating against him for raising concerns about alleged staff misconduct. Dkt. No. 22 at ¶¶7-8.

On January 27, 2024, the warden responded to Liddell's appeal and affirmed Morris' decision. Dkt. No. 23-1 at 1. Liddell received the warden's decision on February 13, 2023. *See* Dkt. No. 24-1 at 54. On February 24, 2024, Liddell submitted an inmate complaint stating that he "was wrongfully found guilty" of Filkins' conduct report. *Id.* He argued that "punishing [him] for litigation is abuse, retaliation, and a violation of [his] civil rights." *Id.* The complaint examiner recommended dismissal of the inmate complaint because under DOC §303.82 inmates may use the inmate complaint review system only to challenge the procedures used during the disciplinary process. Substantive challenges to a conduct report must be raised during the disciplinary hearing on that conduct report and/or to the warden in an appeal following the hearing officer's decision. Dkt. No. 22 at ¶¶13-15. The warden's decision regarding the sufficiency of the evidence is final. Dkt. No. 24-3 at 7. Liddell's inmate complaint was dismissed on March 21, 2023. Liddell timely appealed and the appeal was dismissed on April 3, 2023. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than

4

simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Liddell was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue their complaints through "all levels of the relevant administrative-review system." *Chambers v. Sood*, 956 F.3d 979, 981 (7th Cir. 2020).

Under the Wisconsin Administrative Code, an inmate who seeks to complain about an issue related to a conduct report must raise that issue in an appeal to the warden. Wis. Admin. Code DOC §303.82. The warden's decision is final regarding the sufficiency of the evidence, but the inmate must also appeal claims of procedural errors through the inmate complaint review system (ICRS). *Id.* Further, inmates may pursue complaints of retaliation through the ICRS, *see* §310.04(1)(g), but only after exhausting the disciplinary appeal process under §303.82, *see* §310.06(2).

5

Case 2:23-cv-00818-BHL   Filed 04/17/24   Page 5 of 8   Document 32

It is undisputed that Liddell completed the disciplinary appeal process under §303.82; nevertheless, Defendants are entitled to summary judgment because the appeal Liddell submitted to the warden through the disciplinary appeal process did not provide notice of the retaliation claims Liddell is proceeding on in this case. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (an inmate must "provide[] notice to the prison of the nature of the wrong for which redress is sought"). The undisputed evidence shows that Liddell's appeal focused on multiple procedural errors and the insufficiency of the evidence to find him guilty of the charges. Nowhere in his appeal to the warden does Liddell assert that Filkins issued the conduct report and Morris found him guilty of the conduct report *because* Liddell had raised concerns about staff misconduct.

Instead, apart from various procedural concerns, Liddell argued only that Filkins and Morris *lacked evidence* to prove that he had lied and collaborated with other inmates and that they had misapplied the administrative code. For example, Liddell argued that "it should be noted that 'litigation' is not a threat pursuant to 303.18," and he expressed outrage that Morris mischaracterized his pursuit of litigation, which is a protected right, as a threat. Dkt. No. 23-1 at 8. Liddell insists that Defendants' improper motivation was implied in this argument, so he did not have to be explicit on that point. But the Seventh Circuit has long held that to satisfy the exhaustion requirement, an inmate must give a prison "notice of, and an opportunity to correct, a problem." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Liddell identified the problems (in addition to procedural issues) as a lack of proof, incompetency, and misapplication of the administrative code, *not* as improper motive to punish him for his protected activity, so he did not give the prison notice of the retaliation claims at issue in this case.

Admittedly, there is overlap in the conduct for which Liddell was punished and his retaliation claims based on that conduct, but the undisputed evidence shows that Liddell did not

6

Case 2:23-cv-00818-BHL    Filed 04/17/24    Page 6 of 8    Document 32

argue in his appeal to the warden that he was being punished in retaliation for or because of the underlying conduct. *See, e.g., Boyd v. Heil*, No. 17-cv-209, 2020 WL 137300, at *3 (W.D. Wis. Jan. 13, 2020). And, while Liddell arguably raised concerns about retaliation through the ICRS, *see* Dkt. No. 24-1 at 54, he was required to pursue his complaint through "all levels of the relevant administrative-review system." *Chambers v. Sood*, 956 F.3d 979, 981 (7th Cir. 2020); *see Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (holding that an inmate must complete each step prescribed by the administrative rules). Liddell's failure to do so means that he failed to exhaust the administrative remedies. Defendants are therefore entitled to summary judgment. *See, e.g.*, *Cannon v. Drost*, No. 23-3095, 2024 WL 1478873, at *2-3 (7th Cir. April 5, 2024).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment for failure to exhaust the administrative remedies (Dkt. No. 20) is **GRANTED**, Defendants' motion to stay discovery (Dkt. No. 31) is **DENIED as moot**, and this case is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 17, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.