UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE E. LIDDELL,

    Plaintiff,

v.                                         Case No. 23-cv-0818-bhl

NICHOLAS FILKINS, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Jesse Liddell is representing himself in this 42 U.S.C. §1983 case. On April 17, 2024, the Court granted Defendants' motion for summary judgment on exhaustion grounds and dismissed this case. Dkt. No. 32. On May 17, 2024, Liddell filed a motion to amend or correct the judgment under Fed. R. Civ. P. 59(e). Dkt. No. 34. The Court will deny the motion.

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment.[1] A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Liddell does not present newly discovered evidence, but he identifies what he believes to be two manifest errors of law. Neither has merit. First, Liddell argues that the Court erred in concluding he had not disputed Defendants' proposed findings of fact. He asserts that he addressed the facts in his legal brief "the best he could interpret from the guidelines" provided by Defendants

---

[1] The Court received Liddell's motion on May 17, 2024, more than 28 days after the entry of judgment. But Liddell attached a "Declaration of Inmate Filing" to his motion, in which he declared under penalty of perjury that he deposited his motion in the prison mailbox on May 13, 2024. Accordingly, per the "mailbox rule," Liddell's motion was timely filed. *See Edwards v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2001).

in their motion. But Liddell's motion ignores his failure to comply with the local rules and the consequences of that failure. As the Court explained, Civil L. R. 56(b)(2)(B) requires a party opposing summary judgment to file a response to the moving party's proposed facts. The opposing party must respond to *each* paragraph. Defendants included the text of this rule in their motion, and the Court entered a separate notice a few days after Defendants filed their motion reminding Liddell of the requirements of the rule and warning him that if he did "not indicate one way or the other, the Court w[ould] assume that he does not dispute the proposed fact and w[ould] accept the fact as true." Dkt. No. 25. Liddell does not dispute that he failed to comply with Civil L. R. 56(b)(2)(B); he merely argues that his failure to comply should be excused because he is *pro se*. This argument is without merit. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("rules apply to uncounseled litigants and must be enforced").

Liddell next disagrees with the Court's conclusion that he failed to exhaust the available administrative remedies because he did not provide the institution with notice of his retaliation claim. Liddell simply rehashes the arguments he raised in response to Defendants' motion and disagrees with how the Court applied the law to the facts of his case. It is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion.

**IT IS THEREFORE ORDERED** that Liddell's motion to amend/correct the judgment (Dkt. No. 34) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge